PADOVANO, J.
This is an appeal from an order withholding adjudication of guilt and placing the defendant on probation. The sole argument on appeal is that the trial court erred in ordering the defendant to make restitution to two of the state’s witnesses. We conclude that the restitution statute does not authorize an award to a witness under the circumstances presented here. Accordingly, we reverse the order in part.
The defendant, Janie I. Raybon, was employed at a Shell gas station owned by the Herndon Oil Corporation. She was charged with grand theft in connection with property stolen from the station. The case was set for trial, and the state issued subpoenas for two other Herndon Oil employees, Doug Kretzer and James Johnson. The defendant did not appear in court on the day of the trial, and, as a consequence, these witnesses were forced to attend unnecessarily.
*5 Following the defendant’s arrest on a capias for failure to appear, the case was set for a bench trial. Kretzer and Johnson were subpoenaed for a second time, and they both testified in the state’s case. At the conclusion of the trial, the defendant was found guilty of the crime' of grand theft and placed on probation for three years. She was ordered to pay restitution to Herndon Oil for the stolen property.
Additionally, the trial court ordered the defendant to pay Kretzer $45.00, and Johnson $105 as restitution for lost wages. The testimony at the restitution hearing was that each of these men lost several hours of work traveling to the courthouse for the first trial and waiting to be told that the defendant was not there. The defendant filed a timely appeal from the order withholding adjudication of guilt, to contest the award of restitution to Kretzer and Johnson.
Section 775.089, Florida Statutes, which controls the imposition of restitution in criminal cases, states, in pertinent part:
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense
§ 775.089(l)(a), Fla. Stat. (2004) (emphasis added). The term “victim” is defined in another section of the statute as “eách person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant’s offense or criminal episode.” § '775.089(1)(0), Fla. Stat. (2004).
The question then- is whether Kretzer and Johnson qualify as victims within the meaning of the statute. In our view, they do not. They incurred a loss of wages, but this loss was not caused, even indirectly, by the defendant’s crime of- grand theft. To the contrary, it was sustained entirely as a result of the defendant’s failure to appear in court. While there may be some justice in requiring a criminal defendant to pay the expenses incurred as a result of a failure to appear in court, the restitution statute simply does not authorize an award for that purpose.
Affirmed in part and reversed in part.
BENTON and BROWNING, JJ., concur.